*Carole ERIACHO*
Petitioner
*vs.*
*RAMAH DISTRICT COURT*
Respondent
*and concerning*
*Navajo Nation*
Real Party in Interest

In the Supreme Court of the Navajo Nation

No. SC-CV-61-04

December 8, 2004

600

Bernadine Martin, Esq., Gallup, New Mexico, for Petitioner.

LaVonne Tsosie, Esq., Ramah, Navajo Nation, for Real Party in Interest.

Before FERGUSON, Acting Chief Justice, and BEDONIE, Associate Justice.

Opinion delivered by FERGUSON, Acting Chief Justice.

This matter comes before the Court on Petitioner's motion to strike the response to the petition filed by the staff attorney for the Ramah District Court. Based on our review, we DENY the motion. Our reasons are set out below.

## I

The relevant facts are as follows. Petitioner Eriacho (Eriacho) filed a petition for a writ of mandamus. In her petition Eriacho requested that this Court order the Respondent Ramah District Court to grant her a jury trial in a criminal case. We issued an alternative writ and requested responses to the petition from the Ramah District Court and the Real Party in Interest Navajo Nation. The Ramah District Court responded by a pleading signed by Patrick Dooley, the staff attorney for the court. Petitioner filed a motion to strike the response, alleging that Mr. Dooley was not empowered to represent the Ramah District Court under 7 N.N.C. § 1964. While the motion was pending before this Court, the Department of Justice filed an entry of appearance on behalf of the Ramah District Court.

## II

The issue in this case is whether the Navajo Nation Supreme Court is required to accept the Department of justice's appearance as counsel for a trial court in a writ case.

## III

Eriacho argues that 2 N.N.C. § 1964(F) and (H) prohibit a staff attorney from representing the Ramah District Court. According to Eriacho, those provisions require the Department of Justice to defend the district court in this action. The Department of Justice apparently agrees, as it filed its entry of appearance as counsel for the district court.

Petitioner is correct that the plain language of the Navajo Nation Code requires the Department of Justice to represent lower courts in writ actions. Title Two of the Code mandates that the Navajo Nation Department of Justice "shall defend ... all actions, including appeals, in which the Navajo Nation is a party, including any action brought in the name of Navajo Nation government officials for conduct arising out of their official duties." 2 N.N.C. § 1964(F). A writ of mandamus, as filed in this case, is an "action" against the Ramah District Court[1] for conduct arising out of its official duties. Under the plain language of the statute the Department of Justice is the default legal counsel for the respondent court.

[1] Though technically a writ of mandamus is an action against the individual judge, we prefer to caption the case as the court being the respondent.

The statute allows other representation, but only after the Department of Justice affirmatively disqualifies itself. The same section of Title 2 states that

> [I]f the Attorney General determines that he/she is disqualified from providing legal representation or legal services on behalf of any entity of the Navajo Nation government in relation to any matter, the Attorney General shall give written notification to the entity affected. If the entity has received such notification from the Attorney General, the entity is authorized to make expenditures, subject to available appropriations, to employ attorneys to provide the representation services.

2 N.N.C. § 1964(H). This provision anticipates the situation where the Department of Justice is disqualified from representing a party in situations such as when a clear conflict of interest exists because the Department already represents a separate party to the litigation. However, the language of the statute reserves the decision whether a conflict or other disqualifying reason exists to the Attorney General, and not to this Court. This provision interferes with the power of this Court to regulate attorney practice by allowing the Department of Justice to decide in its exclusive discretion whether it or other counsel will appear before the Court.

While the Navajo Nation Code mandates representation by the Department of Justice unless the Department withdraws, it cannot require it in this case. The doctrine of "separation of powers" prevents the Council from interfering with certain core functions of the Judicial Branch. Under this doctrine, recognized as a fundamental principle of Navajo Nation government through Title Two of the Code, the Navajo Nation Council acts improperly when it interferes with the Judicial Branch's "duty to hear and decide cases independently." *Tuba City Judicial Dist. of the Navajo Nation v. Sloan*, 8 Nav. R.159, 168 (Nav. Sup. Ct. 2001). Put another way, separation of powers ensures that the Judiciary has the authority to exercise necessary and essential functions unencumbered by outside interference, just as the Legislative and Executive Branches have certain essential functions unencumbered by judicial interference. *See Id.* at 167.

The regulation of attorney practice before the Supreme Court is one such essential function. Through the Rules of Civil Appellate Procedure (NRCAP) this Court regulates who may appear as legal counsel and under what circumstances. *See* NRCAP 4(d) (requiring attorney in case to continue as counsel unless substitution or appropriate withdrawal), 28 (regulating withdrawal of counsel), 30 (authorizing sanctioning of attorneys for misconduct). The power to regulate attorney practice is essential to maintain professional and ethical practice before the Court, not only to protect the integrity of the appellate process, but also to protect the litigants who participate in the process. If the statute is applied, this Court would be unable to police the duties of attorneys set out in our Rules of Professional Conduct, such as avoiding conflicts of interest.

The circumstances in this case demonstrate why the power to regulate attorney practice is essential. Here, the Department of Justice has entered its appearance on behalf of the Respondent court, even though it currently represents the Real Party in Interest Navajo Nation through the Office of the Prosecutor. Absent our intervention, the Department would be representing two out of the three parties in this case. Though the Real Party in Interest may take the same position on the merits of the case as the Respondent district court, it is a separate entity with adverse interests to the court, creating a conflict of interest. After the writ litigation is over and the case remanded to the district court, the Real Party in Interest would be one of two litigants before the court that may take a position against a decision of the court on appeal or in another writ petition, creating a potential tension between its position in this case and the position of the Respondent court. Further, though not the facts of this case, unless the Department of Justice withdraws from representation, it potentially could file a writ against a judge on behalf of a client and represent the court who is the subject of the writ at the same time before the Supreme Court. To prevent these situations, this Court must have the unencumbered authority to regulate attorney practice before the Court.

We do not mean to say that Section 1964(F) and (H) are invalid for all purposes. We conclude today only that those provisions cannot interfere with the Court's power to regulate attorney practice before the Supreme Court. Under 1964(F) the Department of Justice is the default counsel for lower courts in writ proceedings and may file an entry of appearance before this Court. However, contrary to 1964(H), the Court retains the exclusive authority to require other counsel when we decide that the Department cannot appropriately represent the trial court, such as when the Department already represents a party in the case.

## IV

Based on our retained authority to regulate attorney practice before the Court, we deny Petitioner's motion. The Department of Justice cannot represent two separate parties at the same time, and therefore cannot represent the Respondent Ramah District Court in this case when it already represents the Real Party in Interest Navajo Nation. As the Department of Justice is unable to appear, the staff attorney for the Ramah District Court has the authority to do so. It is within the duties of the staff attorney under the job description approved by the Judicial Branch to represent his or her court in litigation. Staff Attorney Job Description, April 23, 2002 (including among tasks "provid[ing] legal representation for the court in various legal arenas"). Further, the Ramah District Court has accepted the staff attorney's representation. Patrick Dooley therefore is empowered to represent the Ramah District Court, and we will accept the response he has already filed on behalf of the Respondent.